Matter of Lily (2025 NY Slip Op 00448)

Matter of Lily

2025 NY Slip Op 00448

Decided on January 29, 2025

Appellate Division, Second Department

Ford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2024-04112

[*1]In the Matter of Lily. Diane Windholz, appellant. (File No. 47655/23)

APPEAL by the petitioner, in a proceeding for registration of a foreign adoption order and for an order of adoption, from an order of the Surrogate's Court (Margaret C. Reilly, J.), dated April 3, 2024, and entered in Nassau County. The order denied the petition and dismissed the proceeding.

Rosin Steinhagen Mendel, PLLC, New York, NY (Rebecca L. Mendel of counsel), for appellant.

FORD, J.

OPINION & ORDER
The issue raised on this appeal, apparently one of first impression for an appellate court in this State, is whether Domestic Relations Law § 111-c permits New York State to register a foreign adoption if the applicant is no longer in possession of the required immigrant visa. For the reasons set forth below, we find that, under the particular circumstances of this case, in which the petitioner provided an official Certificate of Citizenship that proved the adopted child was granted the appropriate immigrant visa at the time of her adoption, the registration of a foreign adoption order and order of adoption should be granted.
I. Relevant Background
The petitioner is the adoptive mother of the subject child, who was born in China in September 2007. The petitioner adopted the child in China on June 11, 2008.
On June 29, 2023, the petitioner commenced this proceeding for registration of a foreign adoption order and for an order of adoption in the Surrogate's Court, Nassau County. The petition noted that the child's original Certificate of Citizenship and Chinese passport that contained her immigrant visa had been lost. However, the petition included a copy of a replacement Certificate of Citizenship, which was issued by the United States Citizenship and Immigration Services (hereinafter USCIS) on April 10, 2023. The replacement Certificate of Citizenship confirmed that the child became a citizen of the United States on June 20, 2008. The petitioner also submitted copies of the child's original birth certificate, adoption registration certificate, and Chinese passport.
In an affidavit regarding the original documents, the petitioner averred that when she adopted the child, the child received either an IR-3 or IH-3 visa, which automatically entitled her to a Certificate of Citizenship. The petitioner further averred that she realized in the spring of 2021 that the child's adoption paperwork, including, inter alia, her immigrant visa and Certificate of Citizenship, were missing from the petitioner's safety deposit box. After searching for the documents without success, the petitioner applied for a replacement Certificate of Citizenship with the USCIS. The petitioner did not apply for a replacement immigrant visa for the child because the child was granted a replacement Certificate of Citizenship. The child was also granted a United States passport in May 2023.
In an order dated April 3, 2024, the Surrogate's Court denied the petition without prejudice to renew, determining that it could not determine the validity of the foreign adoption without review of the child's immigrant visa.
[*2]II. Domestic Relations Law § 111-c
In 2008, the bill that would become Domestic Relations Law § 111-c was signed into law (see id.). The stated purpose of this bill was to "amend the domestic relations law and the public health law, in relation to granting full faith and credit to adoption orders from foreign countries" (L 2008, ch 329). One of the bill's sponsors explained that the bill was developed because
"[a]t this time, there are thousands of families with foreign adopted children in New York State. Many of these children were born into extremely difficult circumstances in China, Romania, Kazakhstan, and the former Soviet Union, and through international agencies have been adopted into New York families in the hopes for a better life.
"The actions of adoptive parents have unfortunately been met with legal road blocks in our state. Presently, New York does not recognize legally conducted foreign adoptions and forces parents that legally adopt children abroad to conduct the adoption proceedings again once they get back to New York. This process is time consuming and expensive and should not have to be conducted twice"
(Assembly Mem in Support, Bill Jacket, L 2008, ch 329 at 6).
The Division of the Budget Bill Memorandum noted that the bill was "intended to eliminate the duplication of efforts and monetary costs for adoptive parents" (Div of Budget Bill Mem, Bill Jacket, L 2008, ch 329 at 7).
The relevant text of Domestic Relations Law § 111-c is as follows:
"1. A final judgment of adoption granted by a judicial, administrative or executive body of a jurisdiction or country other than the United States shall have the same force and effect in this state as that given to a judgment of adoption entered by a court of competent jurisdiction of New York state, without additional proceedings or documentation provided:
(a) either adopting parent is a resident of this state; and
(b) the validity of the foreign adoption has been verified by the granting of an IR-3, IH-3, or a successor immigrant visa, for the child by the United States Citizenship and Immigration Services.
. . .
"3. Either adoptive parent or a guardian or a guardian ad litem may register the order in this state with the judge or surrogate of the county in which the adoptive parent or parents reside. A petition for registration of a foreign adoption order may be combined with a petition for a name change. If the court finds that the foreign adoption order meets the requirements of subdivision one of this section, the court shall issue a finding as to aspects of the foreign adoption, to wit, the names of the adoptive parents, the name or names and reported birth date of the adoptive child, the country of the adoptive child's birth, the country and the date of the foreign adoption, the state residency of the adoptive parent or parents and adoptive child, and a finding as to the date and issuance of an IR-3, IH-3, or a successor immigrant visa; and, the court shall issue an order of adoption to the party who has petitioned for such an order.
"4. The judge or surrogate is hereby directed to expedite the issuance of an order of adoption pursuant to the provisions of subdivision three of this section in order to ensure minimal expense of time and money to the petitioning parties in attaining such order of adoption."
If a petition for registration of a foreign adoption satisfies the requirements set forth in Domestic Relations Law § 111-c, the Surrogate's Court lacks the authority to deny recognition of the adoption order (see Matter of Child A. [Parent M.], 145 AD3d 874, 876).
III. Immigrant Visas for Adopted Children
Children who are adopted abroad are granted either an IR-3 or an IH-3 immigrant visa prior to their entrance to the United States. According to the website of the USCIS, a printout of which was submitted as an exhibit to the petition, a child admitted to the United States with an IR-3 or IH-3 immigrant visa who, inter alia, resides in the United States and otherwise fulfills the conditions of the Child Citizenship Act, will automatically become a United States citizen and receive a Certificate of Citizenship in the mail. Adopted children who are granted an IR-4, IH-4, or IR-2 immigrant visa first receive a permanent resident card and have to apply for a Certificate of Citizenship.
IV. Analysis
Here, the petitioner, a New York resident, was unable to annex a copy of the child's [*3]immigrant visa to the petition because it had been lost. However, the petitioner provided an affidavit averring that the child had been issued the relevant immigrant visa and a copy of the replacement Certificate of Citizenship, issued by USCIS, showing that the child became a United States citizen only nine days after her adoption. The record shows that the child would not have been able to automatically obtain a Certificate of Citizenship if she had not possessed the appropriate immigrant visa. Under these circumstances, we conclude that the foreign adoption order meets the requirements of Domestic Relations Law § 111-c(1), including the requirement that "the validity of the foreign adoption has been verified by the granting of an IR-3, IH-3, or a successor immigrant visa" (see id. § 111-c[1][b]). Indeed, to determine otherwise would defeat the intention of Domestic Relations Law § 111-c to protect adoptive families from unnecessary effort and expense.
Accordingly, the order is reversed, on the law and the facts, the petition is granted, and the matter is remitted to the Surrogate's Court, Nassau County, to issue a registration of foreign adoption order and an order of adoption for the child.
IANNACCI, J.P., VOUTSINAS and MCCORMACK, JJ., concur.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the petition is granted, and the matter is remitted to the Surrogate's Court, Nassau County, to issue a registration of foreign adoption order and an order of adoption.
ENTER:
Darrell M. Joseph
Clerk of the Court